UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ASHLEY CURRY, ALIAS
ASHLEY CASANOVA,
    Plaintiff,

vs.

FEDERAL GOVERNMENT D/B/A
PRESIDENT JOE BIDEN, et al.,
    Defendants.

Case No. 1:24-cv-299
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1-1). Plaintiff names the following defendants: Federal Government d/b/a President Joe Biden; current Ohio Governor Mike DeWine; current Mayor of Cincinnati, Ohio Aftab Pureval; previous Mayor of Cincinnati, Ohio John Cranley; "Cincinnati, Ohio Police Officers of Hamilton County, Ohio & Affiliates"; Hamilton County, Ohio Sheriff Officers; Community Link; Hamilton County, Ohio Juvenile Court & Public Officials & Affiliates; Hamilton County Job & Family Services (Child Services) & Associates; UC Hospital @ Ridgeway Pavillion 6 & Affiliates & Associates; Bethesda North Hospital; Probate Court of Hamilton County, OH & Associate; Federal Bureau of Investigations; and the "U.S. District of Western N.C." (*Id*. at PAGEID 2-3). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

## Screening of Complaint

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B.  **Plaintiff's Complaint**

Plaintiff's complaint is difficult to decipher. Plaintiff states "she is still continuing to add additional entities to her complaints" in two existing cases in the United States District Court for the Western District of North Carolina. Plaintiff generally alleges she is the victim of

3

reverse racial discrimination and retaliation, and her civil rights and constitutional rights have been violated. She alleges she "is in multiple civil action battles with the U.S. District Court of Western N.C. about this matter." Plaintiff further alleges she temporarily moved back to Cincinnati, Ohio in February 2024 while she was pregnant. After she gave birth, her baby was immediately removed from her based on false allegations from the Hamilton County Job and Family Services. Plaintiff alleges the police stated, "Ashley Curry's only option was to have no options." (Doc. 1-1 at PAGEID 4). The complaint alleges that Ms. Curry was admitted to UC Health for a mental health evaluation, and she had previously been admitted in 2021 by police. Ms. Curry states she does not have a mental illness, and she would like the court to order the cessation of all mental evaluations. She asks for "IMMEDIATE EMERGENCY INTERIM RELIEF of: (1) adequate, safe housing (5Bd/2+BA) in a safe neighborhood where her and her family (new baby) can live; (2) a van and driver's license; (3) adequate, safe transportation; (4) remove any mental diagnoses that was [sic] ever placed on her; (5) for new baby to be removed from unsafe location; (6) for new baby to be immediately placed back with Ashley Curry mother; (7) for Ashely Curry to continue receiving benefits (example Medicaid) for her & new baby & baby [illegible]; (8) Ashley Curry also needs a lawyer of choice (paid by Court) to help represent her; & (9) all court fees & other fees paid." (*Id.* at PAGEID 4-5).

  **C.**   **Resolution**

  The complaint fails to state a claim for relief against the defendants. As an initial matter, with the exception of defendant Hamilton County Job and Family Services (Child Services), plaintiff fails to allege any facts showing how the other named defendants violated her constitutional rights. "It is well settled that a defendant cannot be held liable under 42 U.S.C. §

4

1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." *Johnson v. ODRC*, No. 1:23-cv-39, 2023 WL 4084830, at *4 (S.D. Ohio June 20, 2023), *report and recommendation adopted*, 2023 WL 5275384 (S.D. Ohio Aug. 16, 2023) (citing *Williams v. Hodge*, No. 3:08-cv-387, 2009 WL 47141, at *3 (M.D. Tenn. Jan. 7, 2009)) (citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)). "[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tolliver v. Noble*, No. 2:16-cv-1020, 2020 WL 4260950, at *3 (S.D. Ohio July 24, 2020), *report and recommendation adopted sub nom. Tolliver v. Nobel*, 2021 WL 210450 (S.D. Ohio Jan. 21, 2021) (citing *Iqbal*, 556 U.S. at 676). Plaintiff has failed to comply with the pleading requirement asserting individual conduct by each defendant.

In addition, the complaint fails to state a claim for relief against defendant Hamilton County Job and Family Services (Child Services). Hamilton County Job and Family Services (Child Services) is not a proper defendant. Whether a county agency may be sued is governed by the law of the state in which the district court is held. *See* Fed. R. Civ. P. 17(b). Under Ohio law, neither a county nor its department of job and family services is an entity capable of being sued. *Lowe v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, No. 1:05-cv-117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008) (citing *McGuire v. Ameritech Servs., Inc.*, 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003)). Thus, Hamilton County Job and Family Services/Children's Services is not *sui juris* and is not a proper defendant in this case. Nor does plaintiff identify a specific policy or practice that would serve as the basis for an entity liability claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (An entity may be sued

5

under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. . . ."). Plaintiff fails to identify a policy or custom of the agency or county that allegedly resulted in constitutional injury. Accordingly, plaintiff's claims against Hamilton County Job and Family Services (Child Services) should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 6/13/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ASHLEY CURRY, ALIAS
ASHLEY CASANOVA,  Case No. 1:24-cv-299
    Plaintiff, Barrett, J.
 Litkovitz, M.J.

vs.

FEDERAL GOVERNMENT D/B/A
PRESIDENT JOE BIDEN, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).